## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

GERALD E. VALLEJOS,

       Plaintiff,

vs.                                                                NO. 11-CV-00206 WJ/KBM

LOVELACE MEDICAL CENTER,
CARMEN SMITH-SALAZAR, JOSEPHINE
GOROSPE, SUZETTE HARRIS, JENNIFER
HOLLER, SARAH ATKINSON AND KEVIN
SINCLAIR,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Individual Defendants' Motion to Dismiss Plaintiff's Complaint*, filed March 15, 2011 (Doc. 5).  The Court has reviewed the motions and briefs submitted by Defendants Carmen Smith-Salazar, Josephine Gorospe, Suzette Harris, Jennifer Holler, Sarah Atkinson and Kevin Sinclair, and the relevant authorities.  Although Plaintiff, Gerald E. Vallejos, did not file any responsive pleadings, the Court considered the motion on its merits. The Court concludes that the motion to dismiss should be granted.  The Court will also dismiss, *sua sponte*, the claims against Defendant Lovelace Medical Center, but will provide Vallejos fourteen (14) days from the date of this Order to amend his Complaint in accordance with the analysis herein.

## BACKGROUND

On February 4, 2011, Plaintiff Gerald E. Vallejos filed in the Second Judicial District Court, County of Bernalillo, State of New Mexico, as case number CV-2011-01355, a complaint against Lovelace Medical Center, Smith-Salazar, Gorospe, Harris, Holler, Atkinson and Sinclair.  *See* Doc.

1, Exhibit A (Doc. 1-1) at 3.  Vallejos asserts that "Defendants retaliated against [him] for engaging in protected activities as defined under Title VII Of the Civil Rights Act of 1964[1] (Title VII), and the New Mexico Human Rights Act of 1969[2], and for filing employment discrimination charges 543-2009-00733, 543-2009-01162, and 543-2010-00698 dated 30Nov2010 [sic]" *Id.*  On March 8, 2011, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(b).  *See* Doc. 1.

## LEGAL STANDARDS

A court may dismiss a complaint for "lack of jurisdiction over the subject matter."  FED. R. CIV. P. 12(b)(1).  The party invoking federal jurisdiction bears the burden of establishing its existence.  *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002), *citing Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  These two forms of attack differ.  On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a rule 12(b)(6) motion: the court must consider the complaint's allegations to be true.  *See id.*  But when the attack is factual, a district court need not presume the truthfulness of the complaint's factual allegations.  "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Holt*, 46 F.3d at 1003.  "In such instances, a court's

---

[1]42 U.S.C. §2000, *et seq.*

[2]N.M. Stat. Ann. § 28-1-1, *et seq.*

reference to evidence outside the pleadings does not convert the motion [to dismiss] to a Rule 56 motion [for summary judgment]." *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003), *quoting Holt*, 46 F.3d at 1003 (modification in original).  A court, however, is required to construe a Rule 12(b)(1) motion to dismiss as a Rule 56 summary-judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case.  *See Garcia v. United States Air Force*, 533 F.3d 1170, 1176 (10th Cir. 2008).

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss for failure to state a claim.  The court may even dismiss a complaint *sua sponte* under FED. R. CIV. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), *quoting McKinney v. Okla., Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991).  "[T]he legal sufficiency of a complaint is a question of law."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010).  The court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff.  *See Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011).  The court only considers the allegations contained in the complaint and not other documents or information.  *See Davis ex re. Davis v. United States*, 343 F.3d 1282, 1295 (10th Cir. 2002).  To survive a 12(b)(6) motion to dismiss, a plaintiff must allege "enough factual matter, taken as true, to make his 'claim to relief . . . plausible on its face.'" *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S.___, 129 S. Ct. 1937, 1940 (2009), *citing Twombly*, 550 U.S. at 556.  The Court must "assume the factual allegations are true and ask whether it is plausible that the plaintiff

is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).  The complaint need not recite detailed factual allegations, but the factual allegations must be sufficient to raise the right to relief above a speculative level.  *See Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949.  Only when a complaint states a plausible claim for relief does it survive a motion to dismiss.  *See id.* at 1950.  In reviewing a plaintiff's pro se complaint, the court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

When a party fails "to file and serve a response in opposition to a motion within the time prescribed for doing so," such failure "constitutes consent to grant the motion."  D.N.M.LR-Civ 7.1(b).  The court cannot, however, grant a motion to dismiss based solely on plaintiff's failure to respond and must consider the merits of the motion.  *See Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003) (holding that a court must address the merits of a motion to dismiss notwithstanding the plaintiff's failure to respond).  Despite Vallejos' failure to respond to the motion to dismiss, the Court considers the motion on its merits.

**DISCUSSION**

Defendants Smith-Salazar, Gorospe, Harris, Holler, Atkinson and Sinclair assert that the Court lacks subject-matter jurisdiction over the individual Defendants and that the Complaint fails to state a claim upon which relief could be granted.  *See* Doc. 5 at 1-2.  Specifically, the individual Defendants assert that, as to them, Vallejos has not exhausted his administrative remedies under the New Mexico Human Rights Act ("NMHRA") and that individuals cannot be held liable under Title

4

VII.  *See* Doc. 6 at 1-2.  The Court finds no need to hold an evidentiary hearing on the subject-matter-jurisdiction issue.

I.     **NMHRA**

"[C]ompliance with the grievance procedure in the Human Rights Act is a prerequisite to suit in district court under the Act."  *Luboyeski v. Hill*, 117 N.M. 380, 383, 872 P.2d 353, 355 (N.M. 1994).  The requirement is jurisdictional and a failure to exhaust this administrative remedy will result in a dismissal of the plaintiff's case.  Notably, the grievance procedure must be exhausted with respect to every party named in the lawsuit.  The failure to name individual defendants as respondents to a charge of discrimination bars suit against those individuals in court.  "[I]ndividual defendants cannot be sued in district court under the Human Rights Act unless and until the complainant exhausts [his] administrative remedies against them."  *Id.*; *see also Sonntag v. Shaw*, 130 N.M. 238, 243, 22 P.3d 1188, 1193 (N.M. 2001) (dismissing an individual defendant from the case because the plaintiff had not named the defendant in her complaint to the Human Rights Division).  In his Complaint, Vallejos asserts that he filed "employment discrimination charges 543-2009-00733, 543-2009-01162, and 543-2010-00698 dated 30Nov2010 [sic]."  *See* Doc. 1 Ex. A at 3.  But, the individual Defendants have shown that they were not named in the Human Rights Division charges.  *See* Doc. 6, Exs. 2-4 (Doc. 6-1 at 3-8).[3]  The NMHRA claims against Defendants will be dismissed.

II.    **Title VII**

---

[3] The Court may rely upon these exhibits without converting this motion to dismiss into a motion for summary judgment by taking judicial notice of the administrative record from the New Mexico Human Rights Division. *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000); *cf. Martinez v. City & County of Denver*, No. 08-cv-01503, 2010 WL 1380529, at * 1 (D. Colo. Mar. 31, 2010) (taking judicial notice of discrimination charges filed with the EEOC).

The hallmark of a Title VII claim is that it applies only to employers or employees in their official capacity. *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n.1 (10th Cir. 2007). *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996). Accordingly, the Title VII claim against Defendants in their personal capacities, to the extent Vallejos is asserting one, must be dismissed.

A Title VII claim can, however, normally proceed against a supervisory employee when named in his or her official capacity in order to obtain redress under an agency theory. *See W.D. Sports*, 497 F.3d at 1083 n.1. Suing an individual defendant in her official capacity does not render her liable; it is simply another way of filing suit against the plaintiff's employer. *See Redpath v. City of Overland Park*, 857 F. Supp. 1448, 1456 (D. Kan. 1994). "The proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer *or* by naming the employer directly." *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993) (citation omitted) (emphasis added). "It is inappropriate to name nonsupervisory employees individually: they obviously have no personal liability, and they are not 'agent-employees' such that an official capacity suit serves as the equivalent of suing the employer." *Redpath*, 857 F. Supp. at 1456. Moreover, "[w]hen the employer is sued, bringing an additional action against individual supervisors is duplicative and serves no legitimate purpose." *Gilchrist v. New Age. Indus. Corp.*, Inc., 1996 WL 294349 *1 (D. Kan. 1996) (unreported). *See Redpath*, 857 F. Supp. at 1456. Other than stating titles, Vallejos does not articulate whether any of the individual Defendants served in a supervisory capacity or supervised specific individuals or groups. More significantly, Vallejos named the employer as a Defendant. Also naming the individual defendants as Defendants in their official capacity is then inappropriate. Vallejos' Title VII claim against the individual Defendants, to the extent he is trying to assert one against them in their official capacities, fails. Vallejos' Title VII claims against the individual Defendants will be dismissed.

### III.    Claims against the Employer

The only claims remaining are those against Lovelace Medical Center.[4]  After listing the

laws upon which his claims are based, Vallejos asserts as the entire remaining text of his Complaint:

> Co-defendants retaliated against me by creating a hostile work environment for me,
> by defamation which was both cruel and malicious.   The employer (Lovelace
> Medical Center) Sarah Atkinson, Nurse Manager, and Kevin Sinclair, Director
> Critical Care floor, denied me due process under law.   Allegations, and charges
> brought against me by other employees were never properly investigated.   The
> personal relationship the manager and director had with the other co-defendants
> influenced their decision making, the decision not to allow me favorable personnel
> actions, the decision to terminate me after 19 years of service.   I seek damages for
> loss of income, damage to my reputation as a Registered Nurse, for mental and
> Emotional anguish, for having to retire years earlier than I had planned.

Doc. 1, Ex. 1 (Doc. 1-1) at 3.   Vallejos states very few facts in his Complaint, and asserts many

speculations.   A plaintiff must, in his complaint, "make clear exactly *who* is alleged to have done

*what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him

or her . . . ."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).

A court may not assume that a plaintiff can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a plaintiff has not alleged.    *See Associated Gen.*

*Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).   Vallejos

has not stated sufficient facts in his Complaint to state a claim upon which relief can be granted.

He has not stated dates of specific acts or events and has not articulated specific acts performed by

specific Defendants that evidence his claim.   The Court will dismiss his Complaint; but, because the

---

[4]Vallejos appears to also be trying to make a due process claim against all of the Defendants;
however, a claim for a violation of due process in the employment context is cognizable under 42
U.S.C. § 1983, *see Riggins v. Goodman*, 572 F.3d 1101 (10th Cir. 2009), not Title VII or NMHRA.
In order to prevail on a § 1983 claim, a plaintiff must show the deprivation of a federally protected
right by an individual acting under color of state law. *See Lugar v. Edmondson Oil Co.*, *Inc.*, 457
U.S. 922, 935 (1982). Vallejos has not made such a contention in his Complaint.

Court is not convinced that allowing Vallejos an opportunity to amend his Complaint would be futile, it will allow Vallejos fourteen (14) days from the date of this Order to file an amended Complaint in accordance with the analysis herein.   The individuals listed herein as Defendants should be omitted from any amended Complaint.   Failure by Vallejos to file an amended Complaint within that fourteen (14) day period will result in his Complaint being considered dismissed with prejudice.

**CONCLUSION**

For all of the above-stated reasons, the Court concludes that Vallejos' NMHRA and Title VII claims against the individual Defendants must be dismissed.   The Court also concludes that Vallejos does not state on the face of his Complaint enough facts and allegations against Defendant Lovelace Medical Center to state a claim for relief.   Therefore, the Complaint will be dismissed in its entirety, but Vallejos shall have fourteen (14) days from the date of this Order to file an amended Complaint consistent with the analysis herein.

**IT IS THEREFORE ORDERED** that *Individual Defendants' Motion to Dismiss Plaintiff's Complaint* (Doc. 5) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Vallejos' Complaint is dismissed in its entirety unless he files within fourteen (14) days of the filing of this Order an amended Complaint that conforms to the analysis above.

_____
UNITED STATES DISTRICT JUDGE